Mr. Karl W. Bohne, Jr. West Melbourne City Attorney 1803 Airport Boulevard Melbourne, Florida 32901
Dear Mr. Bohne:
On behalf of the City of West Melbourne, you ask substantially the following question:
May the City of West Melbourne adopt a policy that provides a hiring bonus to newly hired employees without violating section 215.425 or section 166.021, Florida Statutes?
Section 215.425, Florida Statutes, provides:
"No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by a law enacted by two-thirds of the members elected to each house of the Legislature. However, when adopting salary schedules for a fiscal year, a district school board or community college district board of trustees may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year. The provisions of this section do not apply . . . to extra compensation given to county, municipal, or special district employees pursuant to policies adopted by county or municipal ordinances or resolutions of governing boards of special districts . . . ."[1]
Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or law when the services are rendered.[2]
Thus, section 215.425, Florida Statutes, prohibits extra compensation after the services have been rendered. The purpose of such a provision is to prevent payments in the nature of gratuities for past service, and the restriction pertains to extra compensation given after service has been performed, not to compensation earned during service.
Therefore, the payment of retroactive compensation, lump sum allowances, or other forms of compensation not provided for by law or contract is generally prohibited by section 215.425, Florida Statutes.[3] Thus, for example, this office stated in Attorney General Opinion 91-51 that the payment of a bonus to employees of the tax collector's office for services they have already performed and been compensated for would constitute "extra compensation," which is prohibited by section 215.425 in the absence of a preexisting employment contract that includes a provision making this payment a part of the salary for the position.
In 1992, the Legislature amended section 215.425, Florida Statutes, to authorize both counties and municipalities to adopt extra compensation programs to reward outstanding employees.[4] In the same act, the Legislature amended section 166.021, Florida Statutes, to provide in subsection (7):
"Notwithstanding the prohibition against extra compensation set forth in s. 215.425, the governing body of a municipality may provide for an extra compensation program, including a lump-sum bonus payment program, to reward outstanding employees whose performance exceeds standards, if the program provides that a bonus payment may not be included in an employee's regular base rate of pay and may not be carried forward in subsequent years."[5]
Your inquiry, however, does not involve the payment of additional compensation for work that has already been performed. Rather, the city contemplates adopting a policy which would authorize an employment bonus as an incentive for employees to accept employment with the city. If such a policy is adopted prior to the hiring of the officer or employee, no extra compensation is being paid after the service has been rendered or the contract made; rather, it is a part of the offer of employment.[6]
Thus, the provisions of sections 215.425 and 166.021, Florida Statutes, do not appear to be implicated.
The terms and conditions of municipal employment, including salary, are a matter of local discretion subject to the municipality's code and charter. There are no constitutional or legislative provisions fixing salaries for municipal officers or employees.[7] Therefore, such salaries may be fixed as provided in the city's enabling legislation or charter. While a municipality is subject to the provisions of sections215.425 and 166.021(7), Florida Statutes, such provisions do not appear to apply to the adoption of a policy that authorizes a hiring bonus to newly hired employees. In adopting such a policy, however, the governing body of the municipality must determine that such expenditures satisfy a municipal purpose.[8]
Accordingly, I am of the opinion that the City of West Melbourne may adopt a policy that provides a hiring bonus without violating section215.425 or section 166.021, Florida Statutes, provided the city commission determines that such an expenditure of municipal funds would serve a municipal purpose.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 215.425, Fla. Stat., was formerly Art. XVI, s. 11, Fla. Const. 1885, and was converted to statutory law by Art. XII, s. 10, Fla. Const. 1968.
[2] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989), 75-279 (1975), stating that the term "denotes something done or furnished in addition to, or in excess of the requirement of the contract; something not required in the performance of the contract." See generally, 67 C.J.S.Officers s. 236.
[3] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989), 86-53 (1986), and 85-57 (1985).
[4] See s. 3, Ch. 92-90, Laws of Florida, which added the provision making the section inapplicable to extra compensation given to county or municipal employees.
[5] See s. 2, Ch. 92-90, Laws of Florida. And see, s. 1, Ch. 92-90, Laws of Florida, which added a similar provision for counties to s.125.01(1), Fla. Stat.
[6] Cf. Op. Att'y Gen. Fla. 97-21 (1997) (school board may alter its retirement plan to allow lump-sum supplemental payments as an increased benefit of such plan to qualified current employees who elect early retirement under the plan).
[7] Compare Art. II, s. 5(c), Fla. Const., providing that the "powers, duties, compensation and method of payment of state and county officers shall be fixed by law." The term "law" as used in the constitution means a state legislative enactment. See Grapeland HeightsCivic Association v. City of Miami, 267 So.2d 321, 324 (Fla. 1972) ("law" in Constitution means as enactment by the State Legislature, not by a City Commission or any other political body).
[8] See generally, s. 166.021, Fla. Stat., authorizing a municipality to exercise any power for municipal purposes except when expressly provided by law; Art. VII, s. 10, Fla. Const., requiring that the expenditure of public funds serve a public purpose.